IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEAL MCCAIN,

    Plaintiff,                      No. CIV.S. 05-0869 WBS GGH PS

    vs.

SOKA OM, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1] Rule 8 sets forth general rules of pleading for the Federal Courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The complaint does not meet the first two of these requirements.

The court has been unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377,

---

[1] Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

The complaint alleges breach of contract, and asserts that defendant failed to follow through, causing plaintiff loss of required medical care.  Plaintiff states the court has jurisdiction because defendant resides in Sacramento and the contract was formed under federal law in Sacramento.  First, plaintiff is confusing venue with jurisdiction.  Second, simple reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  Id. None of these matters states a federal claim.  It is plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so.

The requirement of a short and plain statement means a complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever

3

1  v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Plaintiff refers to an agreement which she claims
2  defendants breached, and presumably she is referring to the attached exhibit which is a "child
3  welfare services case plan update;" however, plaintiff does not specify that this is the agreement
4  which was violated. Furthermore, merely stating that "she made her agreement to me she listed
5  my expectations of the agreement which were not followed through and as a result I've suffered
6  great lost for medical care which was required," does not put defendants on notice of how they
7  allegedly breached this agreement.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102
8  (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty
9  allegations fail to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal
10 Practice and Procedure § 1202 (2d ed. 1990).

11         Finally, plaintiff has failed to properly and fully set forth her allegations within the
12 complaint, instead referencing attached exhibits which plaintiff mistakenly believes are sufficient
13 to state a claim. It is not the function of the court to peruse exhibits and frame plaintiff's cause
14 of action for her, nor would it be proper to do so. Therefore, plaintiff will be permitted to file an
15 amended complaint in order to cure these deficiencies.

16         Plaintiff is informed the court cannot refer to prior pleadings in order to make an
17 amended complaint complete. Local Rule 15-220 requires that an amended complaint be
18 complete in itself. This is because, as a general rule, an amended complaint supersedes the
19 original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once
20 plaintiff files an amended complaint, the original no longer serves any function in the case.
21 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
22 alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
23 Cir.1981), and defendants not named in an amended complaint are no longer defendants. Ferdik,
24 963 F.2d at 262 (9th Cir.).

25         Accordingly, IT IS ORDERED that:
26         1. Plaintiff's request to proceed in forma pauperis is granted;

2. The complaint is dismissed, with leave to file an amended complaint within thirty days of this order. PLAINTIFF IS ADVISED THAT ANY FUTURE FILINGS SHOULD REFER TO THE CIVIL CASE NUMBER STAMPED ON PAGE ONE OF THIS ORDER.

DATED: 6/15/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Mccain869.ifp.wpd