IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEAL MCCAIN,

      Plaintiff,                  No. CIV.S. 05-0869 WBS GGH PS

  vs.

D.H.H.S., et al.,

      Defendants.          ORDER

-----/

      Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). By order of June 15, 2005, the complaint was dismissed and plaintiff was directed to file an amended complaint. In that order, the court informed plaintiff of the deficiencies in the complaint. Plaintiff has now filed an amended complaint.[1]

      A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

---

[1] In the interim, plaintiff filed an appeal to the United States Court of Appeals for the Ninth Circuit, which was dismissed, and a request that this action be transferred to the Superior Court. This court has no power to transfer an action to state court.

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The amended complaint now names "D.H.H.S. and C.P.S. and SCAN" as defendants. Plaintiff alleges that her daughter was taken away from her by the juvenile court without proper notice of her rights, and in violation of the equal protection and due process clauses of the constitution. She further alleges that she was discriminated against in the process based on her race.

The amended complaint now alleges grounds for the court's jurisdiction, but still does not contain a demand for relief, in violation of Fed. R. Civ. P. 8.[2] Rule 8 sets forth general rules of pleading for the Federal Courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The amended complaint does not meet the last of these requirements.

\\\\\

---

[2] Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

The Eleventh Amendment precludes actions against an unconsenting state or an arm of the state. See, e.g., Idaho v. Coeur d'Alene, 521 U.S. 261, 167-68, 117 S. Ct. 2028, 2034 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 70-72, 116 S. Ct. 1114, 1131 (1996). Accordingly, this federal civil rights action against the Department of Health and Human Services is barred by the Eleventh Amendment. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-67, 109 S. Ct. 2304, 2309-10 (1989); Austin v. State Industrial Insurance System, 939 F.2d 676, 678 (9th Cir.1991) ("central concern is whether a judgment against the entity named as a defendant would impact the state treasury"); O'Connor v. Nevada, 686 F.2d 749, 750 (9th Cir. 1982) (Nevada state courts and agencies immune).

42 U.S.C. § 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A claim under this section must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).

The amended complaint fails to state a claim against either Child Protective Services or the Department of Health and Human Services. Assuming arguendo these entities are appropriate "persons," the complaint fails to state a claim against them because there is no allegation that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized governmental policy. See Monell v. Dept. of Soc. Serv. of N.Y., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978); Ortiz v. Washington Cty., 88 F.3d 804, 811 (9th Cir. 1996).

Plaintiff will be given one more opportunity to amend her complaint. Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

1  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint,
2  the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of
3  action alleged in the original complaint which are not alleged in the amended complaint,"
4  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in
5  an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th
6  Cir. 1992).

7       Accordingly, IT IS HEREBY ORDERED that the amended complaint is
8  dismissed, with leave to file a second amended complaint within thirty days from the date of
9  service of this order.  Failure to file a second amended complaint will result in a recommendation
10 that the action be dismissed.

DATED:  11/22/05

/s/ Gregory G. Hollows

---
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Mccain869.amd.wpd

4