IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEAL MCCAIN,

    Plaintiff,                        No. CIV.S. 05-0869 WBS GGH PS

    vs.

D.H.H.S., et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Presently before the court is plaintiff's second amended complaint. Plaintiff was previously informed of the deficiencies in her prior complaints and given leave to amend.

        A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

        A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under

1

this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges that her daughter was taken away from her by the juvenile court, and she was forced to take drugs, causing her to lose custody. She alleges that the juvenile court did not have jurisdiction to proceed with a dependency proceeding. She claims she has a constitutional right to raise her child.

The second amended complaint continues to name "D.H.H.S. and C.P.S. and SCAN" as defendants, despite the court's previous warning that plaintiff failed to state a claim against them. The court will repeat much of its analysis of the deficiencies outlined in its previous November 22, 2005 order because plaintiff has failed to cure them in her second amended complaint.

The second amended complaint does not allege a basis for the court's jurisdiction, and does not contain a short and plain statement of the claim because it is for the most part unintelligible, in violation of Fed. R. Civ. P. 8.[1] Rule 8 sets forth general rules of pleading for the Federal Courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The second amended complaint does not meet the first two requirements.

---

[1] Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

        Plaintiff alleges that she was discriminated against, and that defendants violated the Equal Protection clause, because poor Blacks and lower class Whites are singled out. The complaint does not allege a basis for this court's jurisdiction. A less stringent examination is afforded pro se pleadings, <u>Haines</u>, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction. <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. <u>Id.</u> In any event, it is plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so.

        In regard to the named defendants, the Eleventh Amendment precludes actions against an unconsenting state or an arm of the state. <u>See, e.g.,</u> <u>Idaho v. Coeur d'Alene</u>, 521 U.S. 261, 167-68, 117 S. Ct. 2028, 2034 (1997); <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 70-72, 116 S. Ct. 1114, 1131 (1996). Accordingly, this federal civil rights action against the Department of Health and Human Services is barred by the Eleventh Amendment. <u>See, e.g.,</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 65-67, 109 S. Ct. 2304, 2309-10 (1989); <u>Austin v. State Industrial Insurance System</u>, 939 F.2d 676, 678 (9th Cir.1991) ("central concern is whether a judgment against the entity named as a defendant would impact the state treasury"); <u>O'Connor v. Nevada</u>, 686 F.2d 749, 750 (9th Cir. 1982) (Nevada state courts and agencies immune).

        42 U.S.C. § 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A claim under this section must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).

        The second amended complaint fails to state a claim against either Child

Protective Services or the Department of Health and Human Services.  Assuming <u>arguendo</u> these entities are appropriate "persons," the complaint fails to state a claim against them because there is no allegation that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized governmental policy.  <u>See</u> <u>Monell v. Dept. of Soc. Serv. of  N.Y.</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978); <u>Ortiz v. Washington Cty.</u>, 88 F.3d 804, 811 (9th Cir. 1996).

Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   1/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Mccain869.fr.wpd

4